# EXHIBIT A

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION

| | |
|---|---|
| In re: <br><br> THE HAMMOCKS, LLC d/b/a <br> Richmond Hill Inn, <br><br> Debtor. | Case No. 09-10332 <br> Chapter 11 |
| THE HAMMOCKS, LLC d/b/a Richmond Hill Inn, <br><br> Debtor-in-Possession/Plaintiff, <br><br> v. <br><br> HARLEYSVILLE MUTUAL INSURANCE COMPANY, <br><br> Defendant. | Adversary Proceeding No. 09-01035 |

## MOTION TO STAY ADVERSARY PROCEEDING

NOW COMES Defendant Harleysville Mutual Insurance Company ("Harleysville"), as the Defendant in the Adversary Proceeding filed by Debtor-in-Possession/Plaintiff, The Hammocks, LLC d/b/a Richmond Hill Inn ("Adversary Proceeding"), and hereby requests, by and through counsel, pursuant to Rule 5011(c) of the Federal Rules of Bankruptcy Procedure and Local Rule 5011-1, a stay of the Adversary Proceeding until an Order is entered on Harleysville's motion to withdraw the reference to the Bankruptcy Court as to this Adversary Proceeding. In support of this Motion, Defendant Harleysville respectfully states as follows:

1.   The Debtor-in-Possession/Plaintiff, The Hammocks, LLC d/b/a Richmond Hill Inn ("The Hammocks"), filed a voluntary petition for relief pursuant to Chapter 11 of the United States Bankruptcy Code on March 25, 2009 ("Petition").

2. As of the date of this Motion, The Hammocks continues to manage its assets and affairs as debtor-in-possession pursuant to §§ 1107 and 1108 of the Bankruptcy Code, and no trustee has been appointed in this case.[1]

3. Prior to The Hammocks' Petition, Harleysville issued a policy of insurance to The Hammocks in October 2008 ("Policy") which provided coverage to The Hammocks' business which was known as the Richmond Hill Inn ("Richmond Hill Inn Property").

4. On or about March 19, 2009, one of the buildings on the Richmond Hill Inn Property, which was commonly known as "the Mansion", sustained damages as a result of a fire, and on May 29, 2009, The Hammocks submitted a purported proof of loss to Harleysville under the Policy ("Fire Loss").

5. On October 5, 2009, Harleysville filed a Motion for Relief from the Automatic Stay to pursue a declaratory judgment action against The Hammocks in the United States District Court for the Western District of North Carolina to determine the rights and obligations of the parties under the Policy with respect to the Fire Loss. (Doc. 68).

6. On October 5, 2009, Harleysville also filed a Declaratory Judgment Complaint against Richmond Hill, Inc. in the Western District of North Carolina captioned *Harleysville Mut. Ins. Co. v. Richmond Hill, Inc.* and bearing civil action number 1:09-cv-0037 ("*RHI Action*"). Richmond Hill is a mortgagee holding a secured interest in the Richmond Hill Inn Property pursuant to a deed of trust and promissory note entered into by Richmond Hill, Inc. and

---

[1] As of the date of this Motion, the Bankruptcy Administrator has filed a Motion to Appoint Chapter 11 Trustee or Convert to Chapter 7 which is currently scheduled to be heard by this Court on January 20, 2010. (Doc. 84).

2

The Hammocks on October 10, 2005, for a loan of $8.8 million. (*Richmond Hill Action*; 1:09-cv-0037 – Doc. 1).[2]

7.   On October 28, 2009, the Bankruptcy Court denied Harleysville's Motion for Relief from the Automatic Stay and allowed The Hammocks until January 20, 2010, to file a "civil action" against Harleysville ("Order"). (Doc. 82). Harleysville appealed the Order to the Western District of North Carolina (Doc. 86) and (as of the date of this Motion) such appeal is currently pending and was formally docketed by the District Court on December 16, 2009. Harleysville's appeal brief is due on or before January 4, 2010 and The Hammocks' brief is due on or before January 19, 2010. (District Court case number 1:09-cv-00411-MR – Doc. 9).

8.   On December 2, 2009, The Hammocks initiated this Adversary Proceeding by filing a Complaint alleging claims of breach of contract, bad faith, and unfair and deceptive trade practices against Harleysville. (Doc. 116). By way of this Adversary Proceeding, The Hammocks seeks to recover from Harleysville compensatory damages of "$6,021,563.00, together with interest" for breach of contract along with extra-contractual damages for alleged bad faith and unfair and deceptive trade practices. *Id.*

9.   On December 28, 2009, Harleysville filed a motion to withdraw the District Court's reference with respect to The Hammocks' Adversary Proceeding on the grounds that such withdrawal is necessary given (1) the fact Harleysville is entitled to a jury trial to be conducted in the District Court, and (2) such withdrawal will promote uniformity and efficiency

---

[2] Pursuant to an Order of the Western District of North Carolina (*RHI Action*, Doc. 11), Richmond Hill, Inc. and Harleysville have filed briefs with the District Court as to whether the automatic stay of The Hammocks' bankruptcy affects the *RHI Action*. In their briefs to the District Court, Richmond Hill, Inc. and Harleysville agree that the automatic stay does not affect the Richmond Hill Action and each party's brief advised the District Court as to how the *RHI Action* may proceed in light of The Hammocks' bankruptcy and Adversary Proceeding. (*RHI Action* Doc. 14, p. 1; Doc. 15 p. 3).

with respect to all actions involving Harleysville, RHI, and The Hammocks. (Doc. 6 and Doc. 7 in Adversary Proceeding No. 09-01035).

10. Good cause exists to allow a stay of the Adversary Proceeding until an Order is entered on Harleysville's motion to withdraw the District Court's reference with respect to The Hammocks' Adversary Proceeding.

11. Harleysville's Answer in the Adversary Proceeding is currently due January 4, 2009.[3]

12. Rule 5011 of the Federal Rules of Bankruptcy Procedure controls the possibility of a stay pending consideration of a motion for withdrawal of reference. It provides as follows:

> The filing of a motion for withdrawal of a case or proceeding . . . shall not stay the administration of the case or any proceeding therein before the bankruptcy judge except that the bankruptcy judge may stay, on such terms and conditions as are proper, proceedings pending disposition of the motion.

Fed.R. Bankr.P. 5011(c).

13. Harleysville will demand a jury trial with respect to the claims asserted by The Hammocks' Complaint.

14. The Hammocks' Complaint is an action against Harleysville for monetary damages on claims for breach of contract, bad faith, and unfair and deceptive trade practices and is a legal matter to which Harleysville has a Seventh Amendment right to a jury trial. (Doc. 116). *See Granfinanciera, S.A. v. Nordberg*, 492 U.S. 33, 109 S.Ct. 2782, 106 L.Ed.2d. 33 (1989) (a right to jury trial attaches to legal actions seeking to recover monetary damages); *Stansbury Poplar Place, Inc. v. Schwartzman*, 13 F.3d 122, 125 (4TH Cir. 1993) (citing

---

[3] Harleysville has filed a Motion for an extension of time to and including February 3, 2010, to respond to The Hammocks' Complaint. (Doc. 4 in Adversary Proceeding No. 09-01035).

4

*Granfinanciera* and holding Seventh Amendment jury trial right attaches to actions seeking monetary damages). *See also Billing v. Ravin, Greenberg & Zackin*, 22 F.3d 1242 (3RD Cir. 1994) (for purposes of determining right to jury trial, action for money damages based on breach of contract is traditionally a legal, rather than equitable, claim); *In re RDM Sports Group, Inc.*, 260 B.R. 915 (N.D.Ga. 2001) (where action is simply for recovery of a money judgment, the action is one at law, for purposes of determining party's right to jury trial); *In re EZ Pay Services, Inc.*, 389 B.R. 278 (Bankr. M.D.Fla. 2008) (actions seeking monetary relief are generally legal in nature and therefore triable by jury under Seventh Amendment); *Deballion .v Steffes*, 195 B.R. 362 (M.D.La. 1996) (Suits seeking monetary damages are unquestionably legal in nature, for purposes of determining whether Seventh Amendment right to jury trial applies); *In re Mathews*, 203 B.R. 152 (Bankr. D.Minn. 1996) (in determining plaintiff's right to trial by jury, if plaintiff prays for simply the recovery and possession of specific real or personal property, or for the recovery of money judgment, the action is one at law to which the right to jury trial attaches); *In re Lands End Leasing, Inc.*, 193 B.R. 426 (Bankr. D.N.J. 1996) (where action is for recovery of money judgment, it is unquestionably legal, entitling parties to jury trial).

15.   Harleysville has not submitted a proof of claim in The Hammocks' bankruptcy proceeding and it has neither subjected itself to the bankruptcy court's jurisdiction nor waived its right to a jury trial with respect to all claims asserted by The Hammocks' Complaint. *Langenkamp v. Culp*, 498 U.S. 42, 44, 111 S.Ct. 330, 331, 112 L.Ed.2d 343 (1990) (creditor filing proof of claim against the bankruptcy estate has no Seventh Amendment right to a jury trial because creditor had submitted to the equitable jurisdiction of the bankruptcy court).

16.     28 U.S.C. §157(e) provides: "If the right to a jury trial applies in a proceeding . . . the bankruptcy judge may conduct the jury trial if specially designated to exercise such jurisdiction by the district court *and with the express consent of all the parties*." (emphasis added). In light of Harleysville's motion to withdraw the District Court's reference, Harleysville does not consent to a jury trial of this matter in the Bankruptcy Court. Without such consent, a jury trial must take place in the District Court. *See Stansbury*, 13 F.3d at 128 (holding that in case where right to trial exists, and bankruptcy court does not have authority to conduct jury trial, the jury trial must take place in district court).

17.     Harleysville's rights will be detrimentally affected if the Adversary Proceeding is not stayed pending an order on Harleysville's motion to withdraw the reference as to The Hammocks' Adversary Proceeding. Harleysville has a right to assert a counterclaim against The Hammocks which may be considered compulsory and waived if the counterclaim is not asserted with Harleysville's answer. However, by asserting and preserving a counterclaim against The Hammocks in this Adversary Proceeding, Harleysville may in affect waive its right to a jury trial. *See In re Robin Hood, Inc.*, 192 B.R. 124 (W.D.N.C. 1995) (where debtor files an adversary proceeding against a creditor that has not filed a proof of claim and that creditor then files a counterclaim, that creditor has succumbed to the jurisdiction of the bankruptcy court and waived its right to a jury trial); *In re Hudson*, 170 B.R. 868 (E.D.N.C. 1994) (same). Therefore, a stay of this action is necessary to protect Harleysville's rights. The proper route is to allow a stay of this action until an Order is entered regarding Harleysville's motion to withdraw the reference for a jury trial in District Court on all claims asserted by The Hammocks against Harleysville. After such Order is entered, Harleysville may then proceed without waiving its rights to a jury trial.

18.  A stay of this action is proper because there is a strong likelihood that reference with respect to The Hammocks' Adversary Proceeding will be withdrawn and The Hammocks' action will proceed to a jury trial in the District Court. *Helmer v. Murray*, 149 B.R. 383 (E.D.Va. 1993) (generally, if there is a right to a jury trial but the parties do not consent to jury trial in bankruptcy court, cause exists for the withdrawal of the reference as to the adversary proceeding).

19.  Harleysville has expeditiously sought a stay of the Adversary Proceeding pending an Order on Harleysville's motion for withdrawal. The bankruptcy proceeding will continue to proceed unabated while The Hammocks' Adversary Proceeding is stayed. Therefore, The Hammocks will not be unduly prejudiced by a stay of the Adversary Proceeding nor will any other party to the bankruptcy proceeding.

20.  The most efficient and just course is to stay The Hammocks' Adversary Proceeding until an Order is entered on Harleysville's motion to withdraw the reference with respect to the Adversary Proceeding.[4]

WHEREFORE, Harleysville respectfully requests that the Court grant Harleysville's Motion to Stay Adversary Proceeding until an Order is entered on Harleysville's motion to withdraw the reference with respect to this Adversary Proceeding.

---

[4] Harleysville will provide the District Court with notice of Harleysville's Motion to Stay by filing a filed-stamped copy of this Motion in the District Court case number 1:09-cv-00411-MR and in the *Richmond Hill Action*.

This the 28TH day of December, 2009.

        /s/ David L. Brown
        David L. Brown
        N.C. State Bar No. 18942
        dbrown@pckb-law.com
        Brady A. Yntema
        N.C. State Bar No. 25771
        byntema@pckb-law.com
        PINTO COATES KYRE & BROWN, PLLC
        3203 Brassfield Road
        Greensboro, NC 27410
        Telephone: 336.282.8848
        Facsimile: 336.282.8409

        Michael R. Nelson
        PA. State Bar No. 65679
        NELSON, LEVINE, de LUCA & HORST
        518 East Township Line Rd.
        Suite 300
        Blue Bell, PA 19422
        Telephone: (215) 358-5100

        Douglas Y. Christian
        PA. State Bar No. 41934
        BALLARD SPAHR, LLP
        1735 Market Street, 51ST Floor
        Philadelphia, PA 19103-7599
        Telephone: (215) 864-8404

        *Attorneys for Harleysville Mutual Insurance Company*

## CERTIFICATE OF SERVICE

The undersigned certifies that the Motion to Stay Adversary Proceeding to which this Certificate is affixed was served upon the party(s) to this action by means of the Electronic Filing System of the Bankruptcy Court on December 28, 2009.

/s/ Brady A. Yntema
Brady A. Yntema
N.C. State Bar No. 25771
byntema@pckb-law.com
PINTO COATES KYRE & BROWN, PLLC
3203 Brassfield Road
Greensboro, NC 27410
Telephone: 336.282.8848
Facsimile: 336.282.8409
*Attorney for Plaintiff Harleysville Mutual Insurance Company*