UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION

| | | |
|---|---|---|
| HARLEYSVILLE MUTUAL INSURANCE COMPANY, | ) ) ) | |
| Appellant, | ) ) | 1:09-cv-00411-MR |
| v. | ) ) | |
| THE HAMMOCKS, LLC d/b/a Richmond Hill Inn, | ) ) ) | |
| Appellee. | ) ) | |
| In re | ) ) ) | 09-10332 |
| THE HAMMOCKS, LLC d/b/a Richmond Hill Inn, | ) ) ) | |
| Debtor. | ) ) | |

**APPELLANT HARLEYSVILLE'S RESPONSE TO
THE HAMMOCKS' MOTION TO DISMISS THE APPEAL**

NOW COMES Appellant Harleysville Mutual Insurance Company ("Harleysville") and hereby responds to The Hammocks, LLC's ("The Hammocks") Motion to Dismiss the Appeal.

**STATEMENT OF THE CASE**

Harleysville has appealed an Order of the Bankruptcy Court denying Harleysville's Motion for Relief from the Automatic Stay to Initiate an Action for Declaratory Judgment in the United States District Court for the Western District of North Carolina ("Order"). (Bankr. Doc.

86).[1] After the Order was entered, The Hammocks filed an action against Harleysville by way of an Adversary Proceeding in the Bankruptcy Court seeking damages for alleged breach of contract, bad faith, and unfair or deceptive trade practices ("Adversary Proceeding"). (Adv. Pr. Doc. 1).[2] On December 28, 2009, Harleysville filed a motion requesting that this Court withdraw the bankruptcy reference with respect to The Hammocks' Adversary Proceeding[3], and the Bankruptcy Court has stayed the Adversary Proceeding pending disposition of Harleysville's motion. (Adv. Pr. Doc. 12).

On January 4, 2010, Harleysville filed its appeal brief with this Court. (Doc. 11).[4] Rather than filing a response brief, The Hammocks filed a Motion to Dismiss Harleysville's appeal on the ground that the appeal is now moot. (Doc. 12). Harleysville disagrees with the suggestion that its appeal is moot and submits this response in opposition to The Hammocks' Motion to Dismiss Appeal.

## LEGAL ANALYSIS

The Hammocks agrees that Harleysville is entitled to a jury trial in The Hammocks' Adversary Proceeding. (Doc. 12, ¶5). On that basis, The Hammocks contends there is no further reason to proceed with Harleysville's appeal of the Order and that the question of whether the

---

[1] "Bankr. Doc." referes to all docket entries of the Bankruptcy Court for documents designated by the parties as part of the record on appeal to this Court.

[2] "Adv. Pr. Doc." referes to all docket entries for documents filed in the Adversary Proceeding in the Bankruptcy Court bearing file number 09-1035. The Hammocks' Complaint initiating its Adversary Proceeding has been designated as part of the record on appeal to this Court.

[3] Harleysville's Motion to Withdraw Reference as to Adversary Proceeding No. 09-01035 is currently pending before this Court in file number 1:10-cv-00022-MR.

[4] "Doc." referes to all docket entries for documents filed with this Court on appeal.

Bankruptcy Court appropriately denied Harleysville's Motion for Relief from Stay is an irrelevant and moot point.

However, Harleysville sought relief from the automatic stay in the Bankruptcy Court to pursue its right to have its declaratory judgment action <u>*fully adjudicated*</u> in District Court – including disposition of all legal issues by the District Court and disposition of all factual issues by way of a jury trial in District Court. Harleysville's declaratory judgment action seeks a declaration of the District Court as to whether coverage exists for The Hammocks' fire loss. (*See* Bankr. Doc. 68, Ex. 1). Harleysville was (and is) entitled to that relief. That Harleysville has a right to a jury trial in connection with an Adversary Proceeding initiated by The Hammocks does not change that fact nor cure the deficiencies in the Order. Indeed, the Bankruptcy Court's Order did more than simply allow "relief from stay to Harleysville . . . if [The Hammocks] did not file its adversary proceeding by . . . January 20, 2010" (as represented by The Hammocks in its Motion). [Doc. 12, ¶ 6]. The Bankruptcy Court's Order contained several findings of fact and conclusions of law, including that Harleysville's declaratory judgment action was a "core" proceeding which (if allowed to stand) would affect Harleysville's right to pursue an ultimate adjudication of all matters (including all legal issues) relating to its coverage action outside the Bankruptcy Court.

The Fourth Circuit is clear that a bankruptcy court cannot adjudicate state law contractual claims arising out of a pre-petition contract involving a party who has not filed a claim in the bankruptcy proceeding. *In re Apex Exp. Corp.,* 190 F.3d 624, 631-33 (4$^{TH}$Cir. 1999); *In re Pisgah Contractors, Inc.,* 215 B.R. 679, 681 (W.D.N.C. 1995) ("The Supreme Court has ruled that a bankruptcy court judge does not have the authority to adjudicate a state-law breach of contract claim arising out of a pre-petition contract brought by the debtor against a creditor who

has not filed a claim in the bankruptcy proceeding). That is the exact circumstance presented by Harleysville's declaratory judgment action in that Harleysville is a non-party to The Hammocks' bankruptcy proceeding and that Harleysville seeks an adjudication of its declaratory judgment action pursuant to North Carolina law outside of the Bankruptcy Court.[5] The question of insurance coverage presented by Harleysville's declaratory judgment action is a matter of North Carolina insurance contract law and bears no relationship to federal bankruptcy law. *See Continental Cas. Co. v. Physicians Weight Loss Centers of America, Inc.,* 61 Fed.Appx. 841, 844 (2003) (the general rule in North Carolina is "that the substantive law of the state where the last act to make a binding contract occurred . . . controls the interpretation."); *Fortune Ins. Co. v. Owens,* 351 N.C. 424, 428, 526 S.E.2d 463, 465-66 (2000) (same). It is a non-core matter that should be allowed to be fully adjudicated in District Court <u>in the first instance</u> outside of The Hammocks' bankruptcy proceeding. *See In re Peanut Corp. of America,* 407 B.R. 862, 865 (W.D.Va. 2009) (a non-core matter does not depend on bankruptcy law for its existence and, therefore, it can "proceed in another court" outside of the bankruptcy court); *see also In re Wellington Apartment,* 353 B.R. 465 (E.D.Va. 2006) ("[core proceedings] have been described as 'those proceedings that would not exist in law absent the Bankruptcy Code'").

The Hammocks suggests that the better course is to dismiss Harleysville's appeal and to allow a single action to proceed in the Bankruptcy Court with Harleysville asserting its coverage action by way of an answer in the Adversary Proceeding. (Doc. 12 ¶ 6). However, unless the reference is withdrawn with respect to the Adversary Proceeding, this approach would not protect Harleysville's rights. As fully explained in Harleysville's memorandum in support of its

---

[5] It is clear that Harleysville has not submitted a proof of claim in The Hammocks' bankruptcy proceeding and it has not submitted to the jurisdiction of the Bankruptcy Court.

motion to withdraw reference, Harleysville has an absolute right to have its dispute with the Hammocks fully adjudicated in District Court.

Furthermore, the Hammocks' suggested approach does not account for the practicalities of litigating this matter. The burdens of proof that will apply at the trial of this case weigh in favor of allowing Harleysville to proceed as a plaintiff with The Hammocks as a defendant. [*See* Transcript p. 13]; *See also* North Carolina Pattern Jury Instructions 880.14, 880.15, 880.20, 880.25, 880.26, 910.20, 910.25, 910.26, 910.27 (stating that it is the insurance company's burden of proof on issues of misrepresentation/concealment in application for insurance, intentional burning, increase in hazard, and misrepresentation in connection with submission of a proof of loss). Indeed, for Harleysville to be held liable for the breach of contract and extracontractual claims asserted by The Hammocks in its Adversary Proceeding, it must initially be established that Harleysville has coverage for The Hammocks' fire loss. Therefore, in light of the burdens of proof and issues involved in this litigation, the logical approach is to allow Harleysville to proceed as the plaintiff on its coverage action with The Hammocks' claims against Harleysville asserted by way of counterclaim. This should be accomplished by allowing Harleysville's coverage action to proceed in District Court with The Hammocks' Adversary Proceeding as a counterclaim to Harleysville's action.

## CONCLUSION

For the foregoing reasons, The Hammocks' Motion to Dismiss Harleysville's Appeal should be denied, and this Court should reverse the Bankruptcy Court's Order Denying Relief from Stay to allow Harleysville to pursue its declaratory judgment action in this Court with The Hammocks' Adversary Proceeding preserved as a counterclaim to such action.

5

Case 1:09-cv-00411-MR   Document 13   Filed 02/08/10   Page 5 of 7

Dated: February 8, 2009     */s/ David L. Brown*
David L. Brown
N.C. State Bar No. 18942
dbrown@pckb-law.com
Brady A. Yntema
N.C. State Bar No. 25771
byntema@pckb-law.com
PINTO COATES KYRS & BROWN, PLCC
3203 Brassfield Road
Greensboro, NC  27410
Telephone:  336.282.8848
Facsimile:  336.282.8409

Michael R. Nelson
Pa. State Bar No. 65679
NELSON, LEVINE, DE LUCA & HORST
518 East Township Line Road
Suite 300
Blue Bell, PA  19422

Douglas Y. Christian
Pa. State Bar No. 41934
BALLARD SPAHR LLP
1735 Market Street, 51st Floor
Philadelphia, PA  19103

*Attorneys for Harleysville Mutual Insurance Company*

## CERTIFICATE OF SERVICE

The undersigned certifies that the document to which this Certificate is affixed was served upon the party(s) to this action by means of the Electronic Filing System of the Court on February 8, 2010.

                                                  */s/ Brady A. Yntema*
                                                  Brady A. Yntema
                                                  N.C. State Bar No. 25771
                                                  byntema@pckb-law.com
                                                  PINTO COATES KYRE & BROWN, PLCC
                                                  3203 Brassfield Road
                                                  Greensboro, NC  27410
                                                  Telephone:  336.282.8848
                                                  Facsimile:  336.282.8409