# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| IN RE: | ) | 1:09-CV-00411-MR |
| | ) | |
| THE HAMMOCKS, LLC d/b/a | ) | REPLY OF THE HAMMOCKS, LLC |
| Richmond Hill Inn, | ) | TO APPELLANT'S RESPONSE |
| | ) | |
| Debtor. | ) | |

_____

The appellee replies to the appellant's response, alleges and says:

1. The response of appellant provides no new legal position to the issue concerning its chief complaint that the Bankruptcy Court's ruling, the order of October 28, 2009, affects the insurance company's right to jury trial and jury trial in the United States District Court.

2. The basis of The Hammocks, LLC's adversary proceeding against Harleysville Mutual Insurance Company involves a loss covered by an insurance contract between the two. To that adversary proceeding, if and when Harleysville Mutual Insurance Company might file an answer to the adversary complaint, it can request a jury trial and, pursuant to statute, 28 USC §157, receive a jury trial on all non-core issues involved in the adversary proceeding.

3. Technically, the declaratory judgment action of the appellant violated the Bankruptcy Court order and the automatic stay of 11 USC §362(a) as it directly affects the property of the estate and appellant should not be allowed to proceed in the United States District Court on that action but be required to answer appellee's adversary proceeding, request its jury trial and proceed to trial and judgment in that action.

4. The position taken by appellant that its declaratory judgment civil action should be the primary litigation between the parties is without merit, improper and should not be considered.

5. It appears that the insurance company's tactic in this matter is to delay and complicate the matter unduly in an attempt to strain the resources of the Chapter 11 Estate to create some tactical advantage to avoid the ultimate issue of responsibility for its insurance contract with the appellant.

6. The appeal by Harleysville Mutual Insurance Company should be dismissed, requiring them to answer The Hammocks, LLC's adversary proceeding.

THEREFORE, the Chapter 11 Estate/Debtor-in-Possession/Appellee respectfully renews its requested relief as follows:

1. To dismiss the appeal as moot.

2. For other appropriate relief.

This 18th day of February, 2010.

/s/ David G. Gray

_____
David G. Gray, Attorney
for Chapter 11 Estate/D.I.P./Appellee
N. C.  State Bar No. 1733

WESTALL, GRAY, CONNOLLY & DAVIS, P.A.
81 Central Avenue
Asheville, North Carolina 28801
Tel: (828) 254-6315
Fax: (828) 255-0305

* * * * * * * * * * * * * * * * *

The undersigned certifies that copy of the foregoing has this day been served as electronically filed on the following:

David L. Brown                dbrown@pckb-law.com
Brady A. Yntema               byntema@pckb-law.com
Michael R. Nelson             mnelson@nldhlaw.com
Douglas Y. Christian          christiand@ballardspahr.com

Attorneys for Harleysville Mutual Insurance Company

This the 18th day of February, 2010.

/s/ David G. Gray

_____
David G. Gray, Attorney